ATTORNEYS FOR APPELLANT
Mark D. Ulmschneider
Andrew L. Teel
William A. Ramsey
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Alan VerPlanck
Richard P. Samek
James P. Fenton
Howard J. Cohen
Fort Wayne, Indiana



## In the
## Indiana Supreme Court

No. 02S03-0909-CV-395

EVERETT CASH MUTUAL INSURANCE COMPANY,

*Appellant (Defendant below)*,

v.

RICK TAYLOR AND KATRINA TAYLOR,

*Appellees (Plaintiffs below)*.

Appeal from the Allen Superior Court, No. 02D01-0706-PL-285
The Honorable Daniel G. Heath, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-0808-CV-386

**April 29, 2010**

**Sullivan, Justice.**

Rick and Katrina Taylor procured a farm personal liability policy from their insurer. The Taylors subsequently filed an action against their insurer for breach of contract following the insurer's denial of coverage for injuries sustained on the Taylors's property by an employee of an independent contractor. We hold that the exclusion in the policy for injuries covered by worker's compensation does not apply in this instance.

## Background

Rick and Katrina Taylor are farmers. On July 1, 2005, the Taylors employed independent contractor Sherlock Contract Painting ("Sherlock") to paint a house, grain bin, and barn. While painting, Sherlock employee Christopher Collis sustained injuries when he was shocked by an electrical wire and fell from a ladder.

Collis filed a worker's compensation claim against Sherlock. When Collis discovered that Sherlock had no worker's compensation insurance, he sought payment from the Taylors pursuant to Indiana Code section 22-3-2-14(b). This provision of the Indiana Worker's Compensation Act imposes liability upon a person who hires a contractor without verifying that the contractor carries worker's compensation insurance to the same extent as the contractor for the injury or death of any of the contractor's employees.[1] The Taylors had not verified whether Sherlock had worker's compensation insurance.

Well in advance of these events, the Taylors had purchased a Farm Personal Liability Policy from Everett Cash Mutual Insurance Company ("Everett Cash"). The Taylors had asked their agent, Jake Owens, to secure "all risk" coverage. In particular, the Taylors requested coverage for "any invitee, licensee, contractor, or employee of contractor who may come upon the . . . [f]arm." (Appellant's App. at 21.) When the Taylors first inquired as to whether the Everett Cash policy covered the Collis claim, Owens stated that it would. However, Everett Cash subsequently denied coverage. On June 29, 2007, the Taylors filed suit against Everett Cash (as well as Owens and two other insurance agencies), alleging claims for breach of contract and estoppel.[2] The trial court denied Everett Cash's request for summary judgment but, on interlocutory appeal, a divided panel of the Court of Appeals reversed. Everett Cash Mut. Ins. Co. v. Taylor, 904 N.E.2d 276, 281 (Ind. Ct. App. 2009), reh'g denied. Judge Bailey dissented. The Taylors sought, and we granted, transfer. Ind. Appellate Rule 58(A).

---

[1] This provision does not apply to "an owner who contracts for performance of work on the owner's owner occupied residential property . . . ." I.C. § 22-3-2-14(a)(1).

[2] We need not address whether Everett is estopped from relying on the disputed exclusion because we find that the exclusion does not apply in this instance.

**Discussion**

Although the Indiana appellate courts are called upon to adjudicate worker compensation cases with some regularity, we have never before been presented with the provision of the Worker's Compensation Act at issue here:

> The state, any political division thereof, any municipal corporation, any corporation, limited liability company, partnership, or person, contracting for the performance of any work exceeding one thousand dollars ($1,000) in value by a contractor subject to the compensation provisions of IC 22-3-2 through IC 22-3-6,[3] without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, IC 22-3-5-1, and IC 22-3-5-2,[4] shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

I.C. § 22-3-2-14(b). As mentioned supra, this provision of the Indiana Worker's Compensation Act imposes on a person who hires a contractor without verifying that the contractor carries worker's compensation insurance liability to the same extent as the contractor for the injury or death of any of the contractor's employees. (As noted in footnote 1, this obligation is not imposed upon "an owner who contracts for performance of work on the owner's owner occupied residential property.") It is undisputed that the Taylors did not "exact" the requisite certificate from Sherlock and that Sherlock had no worker's compensation insurance.

Although this litigation arises in the context of this provision of the Act, the Taylors contend that Collis's claim is a straightforward premises liability claim, precisely the kind they pur-

---

[3] These chapters comprise the principal substantive provisions of the Worker's Compensation Act, including the requirements for coverage and claims and benefit payment procedures.

[4] These sections of the Worker's Compensation Act require employers to carry worker compensation insurance from authorized insurers or secure from the Worker's Compensation Board a certificate authorizing the employer to self-insure; and to make periodic filings with the Board confirming compliance with the requirements. Special rules are specified for employers that are governmental units and financial institutions.

chased protection against when they bought Everett Cash's Farm Personal Liability Policy. In this respect, they highlight the following policy provisions:

> **PRINCIPAL PERSONAL LIABILITY COVERAGES**
>
> **Coverage L -- Liability -- We** pay, up to **our** limit, all sums for which an **insured** is liable by law because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. **We** will defend a suit seeking damages if the suit resulted from **bodily injury** or **property damage** not excluded under this coverage. . . .
>
> **Coverage M -- Medical Payments to Others -- We** pay the necessary medical expenses if they are incurred or medically determined within three years from the date of an accident causing covered **bodily injury**. . . . This applies only to:
>
> 1. a person on the **insured premises** with permission of an **insured** . . . .

(App. at 61.) Everett Cash responds that Collis's claim is for worker's compensation benefits, which are excluded from coverage by the very terms of the policy. In this regard, it argues that the policy defines an "occurrence" as "an accident," id., and that the claim here arose not from an accident but from the Taylors failure to "exact" the requisite certificate of worker's compensation insurance as required by the Act. And Everett Cash maintains – and the majority opinion of the Court of Appeals agreed – that the following policy language excludes coverage in this situation:

> **ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO COVERAGE L**
>
> Coverage L does not apply to:
>
> …
>
> 6. **bodily injury** to a person, including a **domestic employee**, if the **insured** has a workers' compensation policy covering the injury or if benefits are payable or are required to be provided by an **insured** under a workers' compensation, non-occupational disability, occupational disease or like law . . . .

Id. at 64.

We reject Everett Cash's argument that the claim here was not triggered by an "occurrence" as defined in the policy. While it is true that the Taylors did not "exact" a certificate of compliance, Collis's claim was filed as a result of an "accident" in which he suffered bodily injury and incurred medical expenses. This was an occurrence within the meaning of the policy; the policy covered bodily injury caused by an "occurrence," which is defined as an "accident." (Appellant's App. at 61.) An accident is "'an unexpected happening without an intention . . . .'" Tri-Etch, Inc. v. Cincinnati Ins. Co., 909 N.E.2d 997, 1002 (Ind. 2009) (quoting Auto-Owners Ins. Co. v. Harvey, 842 N.E.2d 1279, 1283 (Ind. 2006)).

We now turn to the exclusionary language in the policy. Although special rules of construction have developed for interpreting insurance policies as a result of the disparity in bargaining power between insurers and insureds, insurance contracts are generally governed by the same rules of construction as other contracts. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009). It is firmly established that clear and unambiguous language in an insurance policy should be given its plain and ordinary meaning, Cinergy Corp. v. Associated Elec. & Gas Ins. Servs., Ltd., 865 N.E.2d 571, 574 (Ind. 2007), even if those terms limit an insurer's liability. But where policy language is ambiguous, it is to be construed strictly against the insurer and in favor of the insured. Id. This is especially true where a policy excludes coverage. Bradshaw, 916 N.E.2d at 166. Although insurers are free to limit coverage to the extent the limitations are consistent with public policy, the exclusionary clause must clearly and unmistakably bring within its scope the particular act or omission that will bring the exclusion into play. Meridian Mut. Ins. Co. v. Purkey, 769 N.E.2d 1179, 1182 (Ind. Ct. App. 2002) (quoting Erie Ins. Co. v. Adams, 674 N.E.2d 1039 (Ind. Ct. App. 1997), trans. denied).

Ambiguity exists when a policy is susceptible to two or more reasonable interpretations. See Beam v. Wausau Ins. Co., 765 N.E.2d 524, 528 (Ind. 2002). That is, an insurance policy will be found to be ambiguous in cases where reasonable people would differ as to the meaning of its terms. Id. The fact that the parties disagree over the meaning of the contract does not, in and of itself, establish an ambiguity. Meridian Mut. Ins. Co. v. Cox, 541 N.E.2d 959, 961 (Ind. Ct. App. 1989), trans. denied. Where there is an ambiguity, the contract should be construed to

further the policy's basic purpose of indemnity. <u>USA Life One Ins. Co. of Ind. v. Nuckolls</u>, 682 N.E.2d 534, 538 (Ind. 1997).

We acknowledge that the exclusion could be read to apply, as Everett Cash contends, to this situation. But for Indiana Code section 22-3-2-14(b), a provision of the Indiana's worker's compensation statutory scheme, Collis would not have asserted that the Taylors were responsible for compensating him for his injuries. The crux of Everett Cash's argument is that the damages Collis seeks are "benefits [ ] payable or are required to be provided by an **insured** under a workers' compensation . . . law . . . ." (Appellant's App. at 64.) Under this reading of the terms in the policy, Everett Cash would not be required to pay.

There is no dispute that the Taylors contracted with Sherlock for work exceeding $1,000; the Taylors failed to obtain a certificate showing that Sherlock had worker's compensation insurance; Sherlock did not have worker's compensation insurance; and Collis was injured in the course of performance of the work covered by the contract. The Taylors are potentially liable under the statute.[5] <u>See</u> I.C. § 22-3-2-14(b). If liable, the Taylors would be required to pay compensation, physician's fees, hospital fees, and nurse's charges to the injured employee. <u>See</u> <u>id.</u> A reasonable person could conclude that the liability imposed constitutes benefits payable or required to be provided by an insured under a worker's compensation statute.

On the other hand, a reasonable person could interpret the exclusion differently. The exclusion can also be interpreted to apply to employers who are directly within the application of the worker's compensation act – those employers who are charged with procuring worker's compensation insurance for their own employees. The worker's compensation statute provides that every employer and every employee, except as otherwise provided, must comply with the provisions of the statute (Indiana Code chapters 22-3-2 through 22-3-6) to pay and accept compensation for personal injury or death by an accident arising out of and in the course of the employment, and must be bound thereby. I.C. § 22-3-2-2. In section 9 of that chapter, the statute excludes farm or agricultural employees from the benefits of the statute. The Taylors do not

---

[5] Because this section of the Act prioritizes the order of payment, beginning with the injured person's employer, the Taylors are only secondarily liable. I.C. § 22-3-2-14(e).

have worker's compensation insurance, nor would they be required to, if they had their own direct farm employees. See I.C. § 22-3-2-9(a)(2). The Taylors had no employees at the time the Everett Cash policy was issued and could not obtain worker's compensation. And Everett Cash does not write worker's compensation insurance policies.

On the facts of this case, a reasonable person could conclude that the exemption simply clarifies that the policy provides no coverage in the conventional worker's compensation context – where an employee, injured in a workplace accident, seeks from his or her employer the worker's compensation "benefits [ ] payable or are required to be provided by an **insured** under a workers' compensation . . . law . . . ." (Appellant's App. at 64.) It would be beyond the ordinary understanding of the worker's compensation system to extend the exclusion to the matter-of-first-impression[6] scenario here – where a claim is filed against an insured by an injured worker in the employ of a third party who did not comply with its obligations under the Act. Given that the Taylors could not have even purchased worker's compensation insurance to protect themselves from claims by Sherlock's employees,[7] it is hard to imagine them thinking that an exclusion regarding worker's compensation could preclude them from having protection from a lawsuit by someone injured in an accident on their property.

A reasonable construction that supports the policyholder's position must be enforced as a matter of law. Eli Lilly & Co. v. Home Ins. Co., 482 N.E.2d 467, 470 (Ind. 1985). The policy exclusion is crafted in such a manner that a reasonably prudent person applying for an "all risk" farm personal liability policy would have understood the exclusion to mean that the policy would not provide worker's compensation coverage in the event of workplace injury to the applicant's employees. But the applicant would not have reasonably – as apparently Everett Cash's own agent also did not – understood the exclusion to apply where an individual working on the appli-

---

[6] Although the parties cite cases from other jurisdictions that they argue provide guidance in this case, we find neither the facts nor the reasoning of those cases sufficiently analogous to be helpful here.

[7] Wolf v. Kajima Int'l. Inc., 621 N.E.2d 1128, 1132 (Ind. Ct. App. 1993) (Rucker, J.) (holding that a project's owner cannot alter its status concerning potential tort liability to employees of contractors or subcontractors by directly purchasing worker's compensation insurance on behalf of subcontractors), adopted by 629 N.E.2d 1237 (Ind. 1994).

cant's property in the employ of another asserted a claim against the applicant as a result of bodily injuries suffered in an accident on the property.

We hold that for an insurance policy to exclude such a claim, any exclusion must be more explicit than the language used here. As Judge Dan Heath wrote in denying Everett Cash's motion for summary judgment:

> Everett [Cash] could have included language . . . that excludes from coverage insureds who fail to exact a worker's compensation certificate from a contractor as required by law. Its failure to do so i[s] not in keeping with the case law . . . which requires that "a condition or exclusion in an insurance contract . . . in order to be effective must clearly and unmistakably bring within its scope the particular act or omission that will bring the condition or exclusion into play . . . (citation omitted) and coverage will not be excluded . . . unless such clarity exists."[8]

(Appellant's App. at 18.)

## Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[8] Gulf Ins. Co. v. Tilley, 280 F.Supp. 60, 64 (N.D. Ind. 1967) (Eschbach, J.), aff'd, 393 F.2d 119 (7th Cir. 1968).