David WALKUP, Appellant,

v.

WABASH NATIONAL CORPORATION,
Appellee.

No. 79S04–9808–CV–456.

Supreme Court of Indiana.

Dec. 9, 1998.

Thomas Blackburn, Fort Wayne, for Appellant.

Robert F. Gonderman, Jr., David L. Cloutier, Jr., South Bend, for Amicus Curiae, Indiana Trial Lawyers Association.

Keith R. Fafarman, Lafayette, for Appellee.

### ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that recovery by an injured worker under an uninsured motorist policy that excludes coverage of claims eligible for worker's compensation benefits is not subject to a lien in favor of the worker's employer or its worker's compensation carrier pursuant to Indiana Code § 22–3–2–13.

### Factual and Procedural History

In 1994, David Walkup was injured in a motor vehicle accident while driving in the course of his employment for Wabash National Corporation ("Wabash"). Wabash self-insured its worker's compensation obligation and paid $8,599 in benefits to Walkup's health care providers.

Walkup then filed a personal injury suit against Jimmy Pruett, the driver of the other car involved in the accident. Pruett was uninsured, but the policy Wabash had obtained for itself and its drivers from Cincinnati Insurance Company ("Cincinnati") included uninsured motorist coverage. That

coverage excluded any payments for worker's compensation benefits in language quoted below. Wabash placed a lien on any recovery Walkup received from Pruett pursuant to Indiana Code § 22–3–2–13, which provides: "the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party." Cincinnati agreed to pay Walkup $18,000 for, in the language of the parties' stipulation of facts, "general damages."

Wabash then asserted a lien against the settlement proceeds and ultimately sued Walkup to enforce the lien. The parties entered into a stipulation of facts, filed cross-motions for summary judgment, and waived hearing on the motions. The trial court granted summary judgment in favor of Wabash. Walkup appealed and the Court of Appeals affirmed. *Walkup v. Wabash Nat'l Corp.,* 691 N.E.2d 1282 (Ind.Ct.App.1998). We granted Walkup's petition for transfer.

Walkup presents two issues:

(1) Is an uninsured motorist carrier an "other person" under Indiana Code § 22–3–2–13 governing a lien by a payor of worker's compensation benefits on recovery from other persons?

(2) Is payment from an uninsured motorist carrier under an employer's policy that explicitly excludes coverage for injuries subject to worker's compensation benefits subject to a lien by the payor of worker's compensation benefits?

## Standard of Review

Summary judgment is appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Because the parties stipulated to all material facts, this appeal turns on the construction of the worker's compensation statutes and the Cincinnati policy, and presents only a question of law.

## I. An Uninsured Motorist Carrier is an "Other Person"

■ Walkup argues that the "other person" and "third person" described in Indiana Code § 22–3–2–13 is the tortfeasor and not an uninsured motorist carrier such as Cincinnati. Wabash argues that Cincinnati is both an "other person" and a "third party" as meant by the statute. Indiana Code § 22–3–2–13 provides in part:

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some *other person* than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the *other person* ... and judgment is obtained and paid, and accepted or settlement is made with the *other person,* either with or without suit, then from the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the *third party* claim, the amount of compensation paid to the employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or the employer's compensation insurance carrier
>
> . . . .
>
> If the injured employee or his dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the *third party.*

IND.CODE § 22–3–2–13 (1998) (emphasis added).

The Court of Appeals recently observed that nothing in the statute "expressly limits the phrase 'other person' to the tortfeasor' " and held that an underinsured motorist [1] carrier could be an "other person." *Ansert Mechanical Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 308 (Ind.Ct.App.1997). In *Ansert*, an employee injured in the course and scope of employment received a payment of $900,000 from the employer's underinsured motorist carrier ("UIM"). The Court of Appeals held that "an employer or worker's compensation carrier is entitled to a lien on [the] proceeds" of "payments made to an injured employee under a UIM policy." *Id.*, 690 N.E.2d at 310.

■ We agree with the Court of Appeals in this case and its decision in *Ansert* that an employer's uninsured motorist carrier is an "other person" under Indiana Code § 22-3-2-13. The purpose of the statute is to make the employer or its carrier whole and prevent double recovery by the worker. If the third party tortfeasor is uninsured and the employer has provided coverage for that event there is no reason why that coverage should not respond as would Pruett's if he had it. We express no opinion as to this analysis if the uninsured motorist coverage is purchased by the employee.

## II. The Policy Exclusion for Worker's Compensation Benefits

■ Walkup points to the policy exclusion and asserts that Wabash's lien does not reach the payment from Cincinnati because the payment does not, by definition, include costs covered by worker's compensation. The Cincinnati policy states: "insurance does not apply to: ... 2. The direct or indirect benefit of any insurer of self-insurer under any worker's compensation, disability benefits or similar law." Based on Cincinnati's policy exclusion, its settlement with Walkup does not include costs covered by worker's compensation benefits. Despite this, Wabash argues that the settlement is subject to its lien and directs us to the language of Indiana Code § 22-3-2-13, which provides for a lien by a worker's compensation carrier

on "*any* settlement award, judgment or fund out of which the employee might be compensated from the third party" (emphasis added). The Court of Appeals also relied on this statutory language to hold that Walkup's settlement is subject to Wabash's lien. This ignores the fact that the entire section, including the lien provision, applies to injuries "for which compensation is payable under" the worker's compensation law. IND.CODE § 22-3-2-13 (1998). By definition, Walkup's recovery from Cincinnati, whatever it was, was not for injuries "for which compensation is payable under" the worker's compensation law. The lien is ineffective because there are no proceeds left after the exclusion that can be identified with the compensation payor's lien. 6 ARTHUR LARSON & LEX LARSON, LARSON'S WORKERS' COMPENSATION LAW § 71.23(c) (1992). Moreover, emphasis on a single word of the statute is misplaced.

The General Assembly created a comprehensive statutory scheme with provisions, including the lien by worker's compensation carriers, to ensure the appropriate recovery by the appropriate parties. As the Court of Appeals has stated, the purpose of the worker's compensation lien is to prevent the injured employee from recovering twice at the expense of the employer. *See Ansert Mechanical Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 309 (Ind.Ct.App.1997); *see also* LARSON & LARSON, *supra*, at § 71.20 (a lien on a recovery from a third party is designed to put the employer back in a neutral position by repayment of medical costs it incurred, to make the injured employee whole and to place the cost of the injury on the wrongdoer). Because Walkup could recover from Cincinnati only items not subject to Wabash's worker's compensation benefits, double recovery is impossible.

Moreover, if a lien were allowed, the injured Walkup would not be made whole. Cincinnati presumably pointed correctly to the exclusion in the negotiations leading to its valuing and settling Walkup's claim. In other words, without the exclusion, his claim had a value of medicals plus pain and suffering. If this is correct the $18,000 settlement

**1.** *Ansert* dealt with an underinsured motorist policy. For purposes of this opinion, underinsured motorist policies present the same issues as uninsured motorist policies.

represents the value of Walkup's pain and suffering alone, and his medical treatment cost an additional $8,599. If Walkup had been successful in recovering from Pruett, or if Cincinnati's policy did not exclude the amount paid by worker's compensation, Walkup's negotiated settlement (disregarding policy limits) would total $26,599 on the same assumptions by both parties. In either case, Wabash's lien would then entitle it to recover its outlay for medical services paid from Walkup's recovery from either Pruett or Cincinnati. However, because Walkup has not recovered, indeed cannot recover, the cost of his medical treatment from Cincinnati, Wabash's lien, if allowed, would reduce Walkup's recovery of $18,000 by $8,599 leaving him with $9,401. Cincinnati paid Walkup pursuant to a contract it entered with Wabash to cover uninsured motorist losses but not those covered by worker's compensation. If Wabash wanted an uninsured motorist policy that covered its exposure to worker's compensation benefits, and therefore created a lien in its favor, it could have sought one. Instead, Wabash agreed to self-insure for worker's compensation and enter an uninsured motorist insurance contract with an exclusion for worker's compensation benefits.

The Court of Appeals looked to *Dearing v. Perry*, 499 N.E.2d 268 (Ind.Ct.App.1986), for the proposition that recovery for pain and suffering from the tortfeasor is subject to a lien by a worker's compensation carrier. In *Dearing*, however, the injured worker sought recovery for all items of damages by suing the tortfeasor. Apparently in an attempt to evade the worker's compensation carrier's lien, Dearing dismissed her first suit against the tortfeasor and refiled the suit for pain and suffering only. Because there was evidence that the parties colluded to "arbitrarily apportion the settlement to evade a statutory lien" the Court of Appeals held that the lien was enforceable against Dearing's settlement. *Id.* at 271. There is no mention of an exclusion in any policy covering the tortfeasor's liability similar to the one in Wabash's uninsured motorist coverage. Under those facts, where the tortfeasor had exposure to lienable items and the allocation between lienable and nonlienable items is unknown,

the Court of Appeals held that the lien is valid.

Walkup's case is distinguishable from *Dearing* because there is no evidence of collusion between Walkup and Cincinnati and no reason to suppose that Cincinnati would pay for uncovered (i.e. lienable) items. Accordingly, Walkup's payment from Cincinnati, under a policy that specifically excluded payment for worker's compensation benefits, is not subject to Wabash's statutory lien under Indiana Code § 22–3–2–13.

### Conclusion

We reverse the trial court's grant of summary judgment in favor of Wabash and remand with instructions to enter summary judgment for Walkup.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.