## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jul 22 2015, 9:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stephen C. Wheeler
Smith Fisher Maas Howard & Lloyd, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
GERALD T. POWERS AND PHYLLIS J. POWERS

Michelle A. Spahr
Richard A. Norris
Cynthia E. Lasher
Norris Choplin Schroeder LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
MELISSA FREEMAN REALTY, INC.,
REALTY GROUP-FREEMAN, LLC
d/b/a PRUDENTIAL INDIANA
REALTY GROUP, RITA WILLIAMS,
AND MELISSA FREEMAN

Robert T. Thopy
Eric M. Glasco
McNeely Stephenson
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Property-Owners Insurance Company,<br><br>*Appellant-Plaintiff,*<br><br>v. | July 22, 2015<br><br>Court of Appeals Case No.<br>73A05-1501-PL-2<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Charles D. O'Connor, Judge |

| Gerald T. Powers and Phyllis J. Powers, et. al., *Appellees-Defendants* | Case. No. 73C01-1405-PL-14 |
|---|---|

**Crone, Judge.**

# Case Summary

[1] Gerald T. Powers sustained injuries while being shown a residential property listed for sale by Prudential Indiana Realty Group ("Prudential"). Gerald and his wife, Phyllis J. Powers (collectively "the Powerses"), sued numerous defendants, including Prudential, for negligence. Thereafter, Prudential's liability insurer, Property-Owners Insurance Company ("Property-Owners"), filed a declaratory judgment action alleging that, pursuant to a specific endorsement to the insurance policy provided to Prudential, there is no insurance coverage for defense or indemnity under the circumstances and that

the Powerses have no right to recover from Property-Owners.[1] Subsequently, the Powerses, as well as other defendants, filed motions for judgment on the pleadings asserting that the policy endorsement relied upon by Property-Owners to deny coverage is inapplicable to the premises upon which Gerald was injured. The trial court issued its order granting the motions for judgment on the pleadings, concluding that the policy endorsement relied upon by Property-Owners is inapplicable to deny coverage. Property-Owners appeals that ruling. We reverse and remand.

## Facts and Procedural History

On or about September 5, 2011, Gerald sustained bodily injuries while being shown a house for sale on Blanchard Street in Shelbyville ("Blanchard Street Property"). The Powerses filed an amended complaint for negligence against numerous defendants, including Prudential, the real estate listing agent for the

---

[1] In addition to naming the Powerses as defendants in the declaratory judgment action, Property-Owners named: U.S. Bank National Association, as Trustee Under the Securitization Servicing Agreement dated as of July 1, 2005 Structured Asset Securities Corporation, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-HE2; Melissa Freeman Realty, Inc.; Realty Group-Freeman, LLC d/b/a Prudential Indiana Realty Group; Altisource Solutions, Inc.; Altisource Fulfillment Operations, Inc.; Altisource; RealHome Services and Solutions, Inc., d/b/a Altisource Homes; Altisource Portfolio Solutions S.A.; Altisource Portfolio Solutions, Inc.; Altisource U.S. Holdings, Inc.; Altisource Holdings, LLC; Real Estate Servicing Solutions, LLC; Real Estate Servicing Solutions, Inc.; Altisource Portfolio Solutions S.A.R.L.; Ocwen Loan Servicing, LLC; Ocwen Financial Corporation; Rita Williams; Melissa Freeman; David Craig; Usher & Associates, Inc.; and Field Connections, LLC. The trial court refers to the additional defendants collectively in separate groups, namely the "U.S. Bank Defendants" and the "Prudential Defendants," and we will do so as well where necessary. Although the Powerses and some of whom the trial court referred to as the Prudential Defendants are the only defendants who have appeared and filed briefs on appeal, all of the named defendants remain parties to this appeal pursuant to Indiana Appellate Rule 17(A). *See Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1, 8 (Ind. Ct. App. 2014) (noting that Appellate Rule 17(A) operates on its own force to make all parties in the trial court parties on appeal whether such parties participate actively or not).

Blanchard Street Property, alleging that the defendants were negligent in failing to maintain safe premises, in constructing and/or maintaining a dangerous or defective staircase, and in failing to warn of the dangerous condition of the staircase on the Blanchard Street Property. Thereafter, Property-Owners, Prudential's liability insurer, filed a complaint for declaratory judgment alleging that it has no duty to provide insurance coverage, defend, or indemnify the Prudential Defendants for any claims brought by the Powerses. Property-Owners attached the insurance policy issued to Prudential by Property-Owners and Prudential's listing contract for the Blanchard Street Property to its complaint for declaratory judgment.

[3]     The "Businessowners Insurance Policy" issued to Prudential by Property-Owners (the "Businessowners Policy") includes Endorsement 54638, titled "Limitation of Real Estate Operations," which provides:

> It is agreed that with respect to any real estate operation, the insurance provided under the Businessowners Liability Coverage Form applies only to "bodily injury", "property damage", "personal injury", and "advertising injury" arising out of:
>
> 1. that part of a premises used by you for general office purposes; and
>
> 2. a premises:
>
>> a. which you do not own, operate, rent or manage;
>>
>> b. which is not in your care, custody or control; or
>>
>> c. for which you do not act as an agent for rent collection or in a supervisory capacity;
>>
>> if such premises is listed with you for sale or rental.
>
> All other terms and conditions of the policy apply.

Appellant's App. at 162. Property-Owners alleged that on February 1, 2011, Rita Williams, a real estate agent and broker-salesperson for Prudential, signed a listing contract for the Blanchard Street Property that included the following language:

> 3. Broker agrees to assume the care, custody and management of the property, including but not limited to performing the following:
>
> A. Input listing in appropriate MLS;
>
> B. Install signage;
>
> C. Answer calls/emails from buyers/agents;
>
> D. Conduct open houses when necessary;
>
> E. To inspect the property at least once each week and take reasonable and prudent action to prevent any damage to the property including, but not limited to, damage caused by fire, vandalism, and weather conditions, and notify Seller immediately by telephone in the event of any emergency, code violation or damage related to the property; and ….

*Id*. at 169-170. Property-Owners alleged that Prudential required all listings brought in by its broker-salespersons to be the property of Prudential, that all such listings be listed in Prudential's name, and that, pursuant to the listing contract, Prudential assumed the care, custody, or control of the Blanchard Street Property. Accordingly, Property-Owners sought judgment declaring that no insurance coverage, defense, or indemnity is afforded to Prudential pursuant to the Businessowners Policy and, specifically, Endorsement 54638.

[4] The Powerses filed a motion for judgment on the pleadings asserting that Endorsement 54638 is inapplicable to the Blanchard Street Property where Gerald was injured, and thus cannot be a basis to deny coverage under the

Businessowners Policy. Specifically, the Powerses argued that, based upon the declarations pages of the Businessowners Policy, Endorsement 54638 applies only to Prudential's business office because that "building" is listed on the declarations pages as the only "building" and "location" to which Endorsement 54638 applies. *Id.* at 92. The Prudential Defendants joined in that motion. The U.S. Bank Defendants also filed a motion for judgment on the pleadings asserting that Endorsement 54638 is inapplicable to deny coverage. Following separate hearings, the trial court granted the motions and entered judgment on the pleadings against Property-Owners. Property-Owners now appeals.

## Discussion and Decision

[5] Property-Owners appeals the trial court's entry of judgment on the pleadings on its complaint for declaratory judgment.[2] We apply a de novo standard of review to a trial court's ruling on an Indiana Trial Rule 12(C) motion for judgment on the pleadings. *Consol. Ins. Co. v. Nat'l Water Serv., LLC*, 994 N.E.2d 1192, 1196 (Ind. Ct. App. 2013), *trans. denied*. "We accept as true the well-pleaded facts alleged in the complaint, and base our ruling solely on the pleadings." *Id.* A motion for judgment on the pleadings should not be granted unless it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.* To the extent that interpretation of a contract is

---

[2] If an insurer has made an independent determination that it has no duty to defend, it must protect its interest by either filing a declaratory judgment action for a judicial determination of its obligations or hiring independent counsel to defend its insured under a reservation of rights. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 42 n.6 (Ind. 2002).

involved, "we may look to both the complaint and the attached contract for purposes of determining the appropriateness of the court's ruling on the motion for judgment on the pleadings." *Eskew v. Cornett*, 744 N.E.2d 954, 957 (Ind. Ct. App. 2001) (noting that Ind. Trial Rule 9.2(A) requires a written document upon which the action is premised to be attached to the complaint), *trans. denied*. When allegations of a pleading are inconsistent with terms of a written contract attached as an exhibit, the terms of the contract must prevail over a contrary allegation. *Id*.

[6] Insurance contracts are governed by the same rules of construction as other contracts, and their interpretation is a question of law which we address de novo. *Justice v. Am. Family Mut. Ins. Co.*, 4 N.E.3d 1171, 1175 (Ind. 2014). Our goal when interpreting an insurance policy is to ascertain and enforce the parties' intent as manifested in the insurance contract. *Erie Ins. Exch. v. Sams*, 20 N.E.3d 182, 187 (Ind. Ct. App. 2014), *trans. denied* (2015). When interpreting an endorsement to an insurance policy, "the endorsement 'must be read together, construed, and reconciled with the policy to give effect to the whole.'" *Matsen v. AMCO Ins. Co.*, 953 N.E.2d 566, 569 (Ind. Ct. App. 2011) (quoting *Stevenson v. Hamilton Mut. Ins. Co.*, 672 N.E.2d 467, 473 (Ind. Ct. App. 1996), *trans. denied* (1997)), *trans. denied* (2012). "We construe the policy and relevant endorsements from the perspective of an ordinary policy holder of average intelligence, and if reasonably intelligent people may interpret the policy's language differently, the policy is ambiguous." *Id*. (citation and quotation marks omitted). "However, an ambiguity does not exist merely because the

parties proffer differing interpretations of the policy language." *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315, 318 (Ind. Ct. App. 2009), *trans. denied* (2010).

[7] If no ambiguity exists, the language of the contract is given its plain and ordinary meaning. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). "An insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Haag v. Castro*, 959 N.E.2d 819, 824 (Ind. 2012) (citation and quotation marks omitted).

[8] We begin our review of the insurance contract here by ascertaining the purpose and intent of the Businessowners Policy, and specifically Endorsement 54638. In purchasing the Businessowners Policy, Prudential sought and received general liability coverage for its real estate sales business located at "703 N. Harrison Street" in Shelbyville ("Harrison Street Business Office"). Endorsement 54638 then provides additional liability coverage for the operations of the real estate business not otherwise provided by the Businessowners Policy. Indeed, contrary to the Prudential Defendants' assertion, Endorsement 54638 is an extension of coverage and not an exclusion. Endorsement 54638 provides additional coverage, although subject to some limitations, for bodily injury, property damage, personal injury, and advertising injury "arising out of" "that part of a premises used by [Prudential] for general office purposes" and "premises listed with [Prudential] for sale or rental." Appellant's App. at 162. In short, the purpose and intent of Endorsement 54638, in part, is for certain coverages to follow the real estate operation outside

of its already-covered Harrison Street Business Office, to premises listed by Prudential for sale or rental.

[9]     In moving for judgment on the pleadings, the Powerses and the Prudential Defendants argued that, based upon the declarations pages of the Businessowners Policy, Endorsement 54638 was limited in its application to the Harrison Street Business Office, and therefore could not be relied upon to deny coverage for personal injuries sustained at the Blanchard Street Property. The declarations pages of the Businessowners Policy contain a summary of the list of coverage limits as well as a list of applicable forms. The forms are listed in categories titled "Forms that Apply to All Locations," "Additional Forms for This Location," and "Additional Forms for this Building." *Id.* at 91-92. Endorsement 54638 is listed only under the "Additional Forms for This Building" category. The only "building" or "location" referenced on the declarations pages is the address of the Harrison Street Business Office. Thus, the Powerses and the Prudential Defendants claim that Endorsement 54638 is inapplicable to the Blanchard Street Property "location" where Gerald was injured.

[10]    The Powerses and the Prudential Defendants assert that if Property-Owners wished for Endorsement 54638 to apply to a "building" or "location" other than the Harrison Street Business Office, such as the Blanchard Street Property, Property-Owners should have included Endorsement 54638 in the list of forms that apply to "All Locations." This argument wholly misses the mark. First, whether a form applies to "All Locations," "This Location," or "This Building"

is irrelevant in this case because there is only one "location" and only one "building" referenced in this insurance policy: the Harrison Street Business Office.[3]

[11] The category under which Property-Owners has placed Endorsement 54638 on the declarations pages is of no consequence here. In arguing that Endorsement 54638 is inapplicable to the Blanchard Street Property, the Powerses and the Prudential Defendants appear to equate the term "location" used on the declarations pages with the term "premises" used in Endorsement 54638. A careful reading of the Businessowners Policy indicates that the terms "location" and "premises" mean very different things in these contexts. As already stated, there is only one "location" insured by this insurance policy, and that location is the Harrison Street Business Office. Endorsement 54638 extends additional coverage to certain "premises," including "premises listed with [Prudential] for sale or rental." *Id*. at 162. Accordingly, Endorsement 54638 is not limited in its application to the Harrison Street Business Office. We reject the suggestion that we should read the unambiguous term "location" as used on the declarations pages in a vacuum and without reference to the language used in Endorsement 54638. It is well settled that insurance policy provisions, including endorsements, must be read together, construed, and reconciled with the policy to give effect to the whole. *Matsen*, 953 N.E.2d at 569.

---

[3] Presumably, if Prudential had multiple business offices and/or buildings, the declarations pages would have had multiple addresses listed as "locations."

[12] If we were to read the Businessowners Policy as the Powerses and the Prudential Defendants suggest, Endorsement 54638 would be a meaningless provision as it would provide no coverage at all for injuries arising out of premises listed by Prudential for sale or rental. It is axiomatic that if a provision is inapplicable to a premises to deny coverage as argued by the Powerses and the Prudential Defendants, it would also be inapplicable to provide coverage, meaning that Endorsement 54638 would be an illusory endorsement. Clearly, a policy endorsement drafted for real estate operations and meant specifically to cover premises listed for sale or rental would not be limited in its application to the realty business office. That would render the endorsement's coverage meaningless and without effect. Our charge is to construe the language of a contract so as not to render any words, phrases, or terms ineffective or meaningless. *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 994 (Ind. Ct. App. 2014), *trans. denied* (2015).

[13] By its unambiguous terms, the insurance coverage provided by Endorsement 54638 is not limited to the Harrison Street Business Office. Thus, accepting as true the well-pleaded facts alleged in Property-Owners' complaint for declaratory judgment, we cannot say that it is clear from the face of the complaint that under no circumstances could relief be granted. Accordingly, judgment on the pleadings against Property-Owners is not warranted. We

reverse the trial court's entry of judgment on the pleadings and remand for further proceedings consistent with this opinion.[4]

Reversed and remanded.

Brown, J., and Pyle, J., concur.

_____

[4] We conclude only that the coverage provided by Endorsement 54638 is not limited to the Harrison Street Business Office and that Endorsement 54638 applies and provides coverage, subject to some limitations, to premises listed by Prudential for sale or rental. We need not and do not reach the question of whether Endorsement 54638 extends liability coverage for the injuries sustained on the Blanchard Street Property under the circumstances presented in this case. We also note that in its complaint for declaratory judgment, in addition to Endorsement 54638, Property-Owners identified additional bases that it claimed could support the denial of coverage. We make no conclusions regarding those additional bases.