## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2017, 6:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Michael E. Simmons
Hume Smith Geddes Green &
Simmons, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

John C. Trimble
Lewis S. Wooton
Michael R. Giordano
Lewis Wagner, LLP
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ladd Warner, *A Minor, By His Next Friend and Natural Parent*, Richard Warner, and Richard Warner, *Individually*, <br><br> *Appellants-Defendants,* <br><br> *and* <br><br> David Helms, Leah Helms, Hayden Helms, and Holden Helms, <br><br> *Defendants,* <br><br> v. | May 17, 2017 <br><br> Court of Appeals Case No. 23A04-1607-CC-1495 <br><br> Appeal from the Fountain Circuit Court <br><br> The Honorable Susan Orr Henderson, Judge <br><br> Trial Court Cause No. 23C01-1110-CC-332 |

United Farm Family Mutual
Insurance Company,

*Appellee-Plaintiff.*

**Robb, Judge.**

# Case Summary and Issue

[1]     Ladd Warner sustained injuries while driving a Polaris Ranger ATV ("Ranger ATV") owned by David Helms. Thereafter, Ladd, by his next friend and father, Richard Warner, and Richard Warner, individually (collectively, "the Warners"), filed a lawsuit against David Helms, Leah Helms, Hayden Helms, and Holden Helms (collectively, "the Helmses"), alleging the Helmses were liable for Ladd's injuries. At the time of the accident, the Helmses held a homeowner's insurance policy issued by United Farm Family Mutual Insurance Company ("United Farm"). United Farm filed a complaint seeking a declaratory judgment that it was not obligated to defend and indemnify the Helmses for Ladd's injuries and sought summary judgment on that issue. The trial court granted United Farm's motion for summary judgment and denied a counter-motion for summary judgment filed by the Warners, finding United Farm had no duty under the homeowner's insurance policy to defend or indemnify the Helmses. The Warners now appeal, raising the sole issue of whether the trial court erred in granting summary judgment in favor of United Farm. Concluding the trial court did not err in its determination there is no

insurance coverage available to the Helmses for claims of personal injury suffered by the Warners, we affirm.

# Facts and Procedural History

[2] David Helms purchased the Ranger ATV in December of 2010 and it was delivered to their home on December 22, 2010. That evening, the Helmses drove the Ranger ATV around their yard for about an hour and a half. The next morning, David gave his son, Hayden, permission to drive the Ranger ATV. Hayden drove through the fields and onto the roadways surrounding his house for a few hours. When he returned home, his brother, Holden, and their cousin Ladd, told Hayden that David wanted him to take Ladd back to his house. Hayden agreed, and Hayden, Holden, and Ladd got into the Ranger ATV to take Ladd home. After a few minutes of driving, Ladd asked Hayden if he could drive, and Hayden agreed. Ladd drove the Ranger ATV onto the roadway and across Highway 41. Shortly thereafter, Ladd tried to turn down a gravel road and hit a patch of ice, causing the Ranger ATV to tip over. Ladd sustained injuries from the accident.

[3] On March 28, 2011, the Warners filed a lawsuit alleging the Helmses were responsible for Ladd's injuries under theories of negligence, negligent entrustment, and negligent supervision. On the date of the accident, the Helmses held a homeowner's insurance policy with United Farm. The policy states, in relevant part:

## DEFINITIONS

\* \* \*

3.      "Insured" means you and residents of your household who are:

        a.      Your relatives . . . .

\* \* \*

## SECTION II – LIABILITY COVERAGES

\* \* \*

### COVERAGE E – Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

        1.      Pay up to our limit of liability for the damages for which the "insured" is legally liable.

\* \* \*

### COVERAGE F – Medical Payments to Others

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury." . . .  As to others, the coverage applies only:

        2.      To a person off the "insured location," if the "bodily injury" . . . is caused by the activities of an "insured" . . . .

Appellants' Appendix, Volume II at 69, 83. The policy also contains exclusions to the medical payments to others provision, as well as exceptions to those exclusions.

## SECTION II – EXCLUSIONS

**1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

* * *

 f. Arising out of:

  (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";

  (2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or

  (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance in paragraph (1) or (2) above.

This exclusion does not apply to:

* * *

  (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:

   (a) Not owned by an "insured"; or

   (b) Owned by an "insured" and on an "insured location" . . . .

    \* \* \*

        (4)    A vehicle or conveyance not subject to motor vehicle registration which is:

                (a)    Used to service an "insured's" residence . . . .

*Id.* at 84 (hereinafter referred to as "Exception (2)(a)," "Exception (2)(b)," and "Exception (4)(a)").

[4]    On October 24, 2011, United Farm filed a complaint for declaratory judgment alleging it is not obligated to defend or indemnify the Helmses of any liability for Ladd's injuries. On March 8, 2016, United Farm filed a motion for summary judgment relying on Exclusion f of the insurance policy. On April 8, 2016, the Warners, on behalf of themselves and the Helmses, filed a motion in opposition to United Farm's motion and filed a counter-motion for summary judgment. The trial court issued its order on June 6, 2016, granting summary judgment in favor of United Farm and denying the Warners' counter-motion for summary judgment. The Warners now appeal.

# Discussion and Decision

[5]    Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[6] Moreover, "[t]he construction of a contract is particularly well-suited for de novo appellate review, because it generally presents questions purely of law." *Holiday Hosp. Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 577 (Ind. 2013). When reviewing an insurance policy, we use the same rules of interpretation that are applied to other contracts. *Justice v. Am. Family Mut. Ins. Co.*, 4 N.E.3d 1171, 1175 (Ind. 2014). Prominent among these rules is that clear and unambiguous language is given its ordinary meaning. *Holiday Hosp. Franchising, Inc.*, 983 N.E.2d at 577. An insurance policy is ambiguous where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Justice*, 4 N.E.3d at 1176. The mere fact that parties favor different interpretations does not necessarily mean that the language in question is ambiguous. *Id.* "Additionally, the power to interpret contracts does not extend to changing their terms, and we will not give insurance policies an unreasonable construction to provide added coverage." *Liberty Mut. Ins. Co. v. Mich. Mut. Ins. Co.*, 891 N.E.2d 99, 101-02 (Ind. Ct. App. 2008) (citation omitted).

[7] According to the Helmses' homeowner's policy, United Farm will not make medical payments to others for bodily injury or property damage arising out of:

> (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
>
> (2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or
>
> (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance in paragraph (1) or (2) above.

Appellants' App., Vol. II at 84. However, these exclusions do not apply to:

> (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
>
> > (a) Not owned by an "insured" . . . .
> >
> > (b) Owned by an "insured" and on an "insured location" . . . .
>
> * * *
>
> (4) A vehicle or conveyance not subject to motor vehicle registration which is:
>
> > (a) Used to service an "insured's" residence . . . .

*Id.* The Warners assert they have satisfied Exception (2)(a) and (4)(a); therefore, they argue the exclusion provision does not apply and United Farm is obligated to defend and indemnify the Helmses for the Warners' personal injuries.

As to Exception (2)(a), the Warners argue because the undisputed evidence demonstrates the Ranger ATV was owned solely by David, and not Leah, Hayden, or Holden, the exception is satisfied because the Ranger ATV was not owned by "an insured." *See* Appellants' Brief at 14-15. The Warners state if United Farm wished for Exception 2(a) to apply if just one insured is the owner of the motorized land conveyance, "United Farm should have written the language to state that the ATV is excluded if it is 'owned by *any* insured' . . . ." *Id.* at 15 (emphasis added).

Notwithstanding the Warners' argument of what United Farm should have written, we think "an insured" clearly and unambiguously refers to any and all insureds under the policy. Other jurisdictions interpreting "an insured" or similar language in similar policy exclusions have concluded the same. *See Allstate Ins. Co. v. Smiley*, 659 N.E.2d 1345, 1352 (Ill. App. Ct. 1995) (noting "use of the phrase 'an insured' in an exclusionary clause unambiguously means 'any insured'"), *appeal denied*; *Catholic Diocese of Dodge City v. Raymer*, 825 P.2d 1144, 1148 (Kan. Ct. App. 1992) ("an insured" exclusion is the equivalent of an "any insured" exclusion); *Travelers Ins. Co. v. Blanchard*, 431 So.2d 913, 914-15 (La. Ct. App. 1983) ("an insured person" clearly and unambiguously refers to all policy insureds, not just particular insured sought to be held liable); *Jaramillo v. Mercury Ins. Co.*, 494 N.W.2d 335, 341-42 (Neb. 1993) ("an insured" exclusion is the equivalent of an "any insured" exclusion), *abrogated on other grounds by Powell v. Am. Charter Fed. Sav. and Loan Ass'n*, 514 N.W.2d 326 (Neb. 1994); *Farmers Ins. Co. of Wash. v. Hembree*, 773 P.2d 105, 108 (Wash. Ct. App.

1989) ("an insured" includes anyone insured under the policy), *review denied*. Therefore, by the plain and ordinary meaning of the language, if any one of the insureds owns the Ranger ATV, Exception (2)(a) does not apply. Because David owned the Ranger ATV and was an insured under the homeowner's policy, Exception (2)(a) does not apply.

[10] The Warners also argue Exception (4)(a) is satisfied because David purchased the Ranger ATV with the intent to use it to "service . . . the residence." Appellants' Br. at 18. The word "service" is not defined by the policy; therefore, we must give the term its ordinary and generally accepted meaning. *See Seeber v. Gen. Fire and Cas. Co.*, 19 N.E.3d 402, 411 (Ind. Ct. App. 2014), *trans. denied*. Black's Law Dictionary defines "service" as "[l]abor performed in the interest or under the direction of others . . . [or] "the performance of some useful act or series of acts for the benefit of another . . . ." *Service*, Black's Law Dictionary (10th ed. 2014). Thus, a reasonable interpretation of the homeowner's policy requires labor or some useful act to be performed by or with the Ranger ATV for the benefit of the Helmses' residence or premises. The designated evidence submitted by the parties does not demonstrate the Helmses, in the short period before the accident, ever used the Ranger ATV for anything other than recreational driving through fields and on country roads. We can reasonably imagine numerous activities that may have been performed by such a vehicle which could create a genuine issue of material fact for whether the Ranger ATV was used to service the residence; however, no such evidence is before us in the record.

[11] The Warners attempt to circumvent this flaw by alleging the Helmses intended to use to the Ranger ATV to service the residence, and point to David's deposition in which he testified he purchased the Ranger ATV to help with chores and yard work. *See* Appellants' App., Vol. II at 178-79.

[12] In *Am. Family Mut. Ins. Co. v. Ginther*, 803 N.E.2d 224 (Ind. Ct. App. 2004), *trans. denied*, the parties disputed whether the Ginthers' truck, which they had purchased on the day of the accident, was used in "any business or occupation." *Id.* at 233. If the truck was not used for a business or occupation, it would have been covered under the policy; conversely, if it was used for a business or occupation, it was not covered. American Family asserted because the Ginthers indicated they purchased the truck with the intent of restoring it for use in their construction business, it was not covered under the policy. This court held the proper determination of whether the Ginthers used the truck in a business or occupation is "at the time of the accident." *Id.* At the time of the accident, the Ginthers had only used the pickup truck for personal transportation and their construction business had not yet been formed. *Id.* at 233-34. Consequently, this court held the Ginthers had not used the truck in a business or occupation and the truck was covered under the policy. *Id.* at 234.

[13] Likewise, at the time of this accident, the Ranger ATV was off the insured premises and the Helmses had never used the Ranger ATV to service the property. The Ranger ATV was delivered to their home on December 22, 2010, and the accident occurred on December 23. In the short time in which they possessed the Ranger ATV, it was only used for recreational driving through

fields and country roads. Therefore, we conclude no genuine issue of material fact exists regarding whether the Helmses used the Ranger ATV to service their residence. The trial court did not err in granting summary judgment in favor of United Farm.[1]

# Conclusion

Based on the foregoing, we conclude the trial court did not err in granting summary judgment in favor of United Farm. The judgment of the trial court is affirmed.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[1] In a brief paragraph, the Warnes also argue Exception (2)(b) is satisfied because the alleged negligent entrustment of the Ranger ATV occurred "on [the] insured location." Appellants' App., Vol. II at 84. It is clear from the insurance contract that liability coverage may only be invoked at the point of an accident causing bodily injury. Exception (2)(b) may only be invoked if two conditions are met: (1) the vehicle must be owned by an insured; and (2) the vehicle must be on an insured location. It cannot reasonably be disputed the vehicle must be owned by the insured *at the time of the accident* giving rise to the claim for Exception (2)(b) to apply. Likewise, it seems clear and unambiguous the vehicle must also be on an insured location at the time of the accident. Here, Ladd, Hayden, and Holden were clearly not on an insured location at the time of the accident.